See also, 2005 WL 272958.

James E. FEEHAN, Plaintiff–
Appellant,

v.

Paul M. LENGYEL, Defendant–
Appellee.

No. 06–5250–cv.

United States Court of Appeals,
Second Circuit.

May 20, 2008.

Richard Emanuel, Branford, Connecticut, for Plaintiff–Appellant.

Matthew B. Beizer, Assistant Attorney General (Richard Blumenthal, Attorney General of the State of Connecticut, on the brief), Hartford, Connecticut, for Defendant–Appellee.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROSEMARY S. POOLER, Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant James E. Feehan appeals from a judgment of the United States District Court for the District of Connecticut (Stefan R. Underhill, *Judge*), entered on September 22, 2006, granting Defendant–Appellee Paul M. Lengyel's motion for summary judgment on Feehan's false arrest claims. The district court first held that no reasonable jury could find that the "corrected" arrest warrant affidavit, including the information Feehan alleges should have been included, failed to provide probable cause for Feehan's arrest. In the alternative, the district court concluded that, in any event, Lengyel was entitled to qualified immunity for his actions because reasonable officers could disagree on whether probable cause for such an arrest existed. We assume the parties' familiarity with the remaining factual background, procedural history, and issues on appeal.

To allege a violation of "the right to be free from an arrest based on a warrant that would not have been issued if the officer seeking the warrant had disclosed ... information within the officer's knowledge that negated probable cause," Feehan "must demonstrate both that [the officer] intentionally or recklessly made false statements in the warrant application and that those statements were necessary to a finding of probable cause." *Loria v. Gorman,* 306 F.3d 1271, 1289 (2d Cir.2002). We conduct a correcting analysis by examining the affidavit along with the alleged omissions to determine whether "the contents of the affidavit as amended support a finding of probable cause." *Cartier v. Lussier,* 955 F.2d 841, 845 (2d Cir.1992); *see also Loria,* 306 F.3d at 1289.

The affidavit submitted to the magistrate judge in support of the arrest warrant for Feehan included the following information: (1) various facts suggesting how Feehan would personally benefit from the town's award of a fire truck contract; (2) the substance of the sworn statement by the complainant, Patricia Kronenberg, that Feehan made coercive statements regarding the bidding process for that contract; and (3) Feehan's admission that he had made some of the statements at issue as well as his contention that he made those statements in jest. When "corrected" to include additional facts Feehan argues are relevant to the determination of probable cause, this affidavit would have included, *inter alia,* the following: (1) that Feehan and Kronenberg had an acrimonious relationship; (2) that Kronenberg had stated to other individuals that she intended to harm Feehan; and (3) that, in the conversation during which Feehan allegedly made the coercive statements, he later told Kronenberg that he did not want her to do anything with regard to the fire truck contract.

Our probable cause review looks to the law of the state where the arrest occurred. *See Davis v. Rodriguez,* 364 F.3d 424, 433 (2d Cir.2004). The Connecticut and federal law probable cause standards are substantively identical, requiring a showing that "officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the

belief that the person to be arrested has committed or is committing a crime." *Walczyk v. Rio,* 496 F.3d 139, 156 (2d Cir.2007) (internal quotation marks omitted). The existence of probable cause depends on the totality of the circumstances. *See State v. Barton,* 219 Conn. 529, 546, 594 A.2d 917 (1991); *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

Here, Ms. Kronenberg's complaint to the Stratford Police Department formed the primary basis for probable cause. "When information is received from a putative victim or an eyewitness, probable cause exists unless the circumstances raise doubt as to the person's veracity." *Curley v. Vill. of Suffern,* 268 F.3d 65, 70 (2d Cir.2001) (internal citation omitted). Although the omitted information may have given Lengyel reason to question the veracity of Kronenberg's complaint, Lengyel did not simply accept her allegations at face value. He conducted a detailed investigation, interviewing a number of individuals, including Kronenberg, Feehan, the Town Manager, Town Council Chairman, Town Fire Chief, and Assistant Fire Chief. Lengyel received partial corroboration of Kronenberg's account when Feehan admitted that he jokingly made comments to Kronenberg similar to those she reported. Lengyel also obtained statements from two individuals, Cathryn Pinkerton and Sandra Zalik, who provided support for Kronenberg's account. Partial corroboration of facts reported by an "untested" informant may establish the reliability of that informant. *See State v. Johnson,* 286 Conn. 427, 439, 944 A.2d 297 (2008). In sum, although inclusion of the alleged omissions in the affidavit might have given the issuing judge pause, they simply create a cred-

ibility dispute that does not, as a matter of law, negate the objective basis for probable cause. *See Krause v. Bennett,* 887 F.2d 362, 372 (2d Cir.1989) (rejecting as "unreasonable and impractical" the suggestion that "every innocent explanation for activity that suggests criminal behavior be proved wrong, or even contradicted, before an arrest warrant could be issued with impunity").

For the foregoing reasons, we AFFIRM the judgment of the district court.